953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank Valentin HERNANDEZ, Petitioner-Appellant,
v.
Patrick FITZSIMONS, et al., Respondent-Appellee.
 No. 91-35119.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Hernandez appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 We review a grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 In his complaint, Hernandez alleged that two police officers "doctored" his arrest report. He alleged that Officer Thomas failed to report that Hernandez was taken to the hospital upon his arrest, and that Officer Habryle included a statement that Hernandez was a violent felon. He also alleged that the officers committed perjury at his criminal trial by testifying as to the allegedly false information in the police reports. He further alleged that Sergeant Getch, the supervisor of the officers, and Police Chief Fitzsimons were liable under a respondeat superior theory.
 
 
 5
 In his opposition to summary judgment, Hernandez alleged for the first time that his equal protection and due process rights were violated in connection with his arrest and criminal trial. He also alleged a conspiracy to violate his civil rights. The district court correctly determined that, because these claims were not pleaded in the complaint, they were not properly before the court. See Stallcop v. Kaiser Found. Hosp., 820 F.2d 1050 n. 5 (9th Cir.1987). Accordingly, we do not consider these issues on appeal. See id.
 
 
 6
 * Police Officers
 
 
 7
 Issues that were litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent federal section 1983 suit as they enjoy in the courts of the state where the judgment was rendered. Allen v. McCurry, 449 U.S. 90, 96, 104 (1980); Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir.1990). Thus, we look to Washington's collateral estoppel rules to determine whether a section 1983 action based on alleged violations in connection with an arrest report is barred by the litigation of these issues in the state criminal proceedings. In Washington, collateral estoppel bars relitigation of an issue if: (1) the actions involve an identical issue, (2) there was a final judgment on the merits in the prior action, (3) the party against whom collateral estoppel is asserted is the same or in privity with a party in the prior adjudication, (4) the issue was actually litigated and necessarily determined in the prior action, and (5) the assertion of collateral estoppel will not work an injustice on the party against whom it is asserted. Shoemaker v. Bremerton, 109 Wash.2d 504, 507-08, 745 P.2d 858 (1987).
 
 
 8
 Here, defendants submitted sworn affidavits and exhibits showing that Hernandez litigated the issue of the accuracy of his arrest report regarding whether or not he was taken to the hospital in the state court proceedings. Hernandez failed to submit opposing affidavits showing that this issue had not already been litigated. Defendants also submitted affidavits showing that the information in the arrest report regarding Hernandez's felony convictions was accurate. Hernandez failed to submit affidavits refuting this. Further, Hernandez admitted in his pleadings and his brief that he raised the issues of false reports and perjury of the officers in his state criminal proceedings. Thus, Hernandez is precluded from relitigating the alleged falsity of the arrest report and the alleged perjury of the officers in a section 1983 action. See Allen v. McCurry, 449 U.S. at 104; Shoemaker, 109 Wash.2d at 507-08. Accordingly, the district court correctly granted summary judgment for Officers Thomas and Habryle.
 
 II
 Supervisors
 
 9
 A supervisor cannot be held liable under section 1983 for the constitutional deprivations caused by his subordinates, absent participation, direction, or failure to train. Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir.1984). Here, Hernandez's claims against Getch and Fitzsimons are based on a respondeat superior theory. He has not alleged or shown facts sufficient to withstand summary judgment to support a claim that Getch and Fitzsimons participated in or directed the alleged violations or that they failed to adequately train the officers. See id. Thus, the district court correctly granted summary judgment in favor of Getch and Fitzsimons.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3