[No. 40338-2-II.   Division Two.   September 7, 2011.]

IRONDALE COMMUNITY ACTION NEIGHBORS, *Appellant*, v. THE
WESTERN WASHINGTON GROWTH MANAGEMENT HEARINGS
BOARD ET AL., *Respondents*.

514

*Gerald B. Steel*, for appellant.

*Mark R. Johnsen* (of *Karr Tuttle Campbell*) for respondents.

*Robert M. McKenna, Attorney General*, and *G. Marc Worthy, Assistant*, for other parties.

¶1 WORSWICK, A.C.J. — Since 2003, Irondale Community Action Neighbors (ICAN) has been opposing Jefferson County's (County) plan to designate the Hadlock/Irondale area as a nonmunicipal urban growth area[1] (UGA) under the Growth Management Act[2] (GMA). In 2009, the Western Washington Growth Management Hearings Board[3] (Western Growth Board) found that the County had largely come into compliance with the GMA. ICAN filed a new petition for review, which the Western Growth Board dismissed under the doctrine of res judicata. ICAN sought direct appellate review, which we granted. ICAN argues that the growth management hearings boards (growth boards) do not have the power to apply res judicata or, alternatively, the Western Growth Board applied the doctrine incorrectly here. ICAN also argues that the Western Growth Board should have granted ICAN's motion to strike evidence

---

[1] RCW 36.70A.110.

[2] Ch. 36.70A RCW.

[3] As of July 1, 2010, the three regional growth management hearings boards were consolidated into a single statewide board comprised of seven appointed members, who are then constituted into three-member panels to hear cases. LAWS OF 2010, ch. 211, §§ 4-5, 18.

below. We affirm, holding that the Western Growth Board should have granted ICAN's motion to strike but that ICAN was not prejudiced, and that the Western Growth Board has authority to apply res judicata. We further hold that ICAN failed to carry its burden of demonstrating that the Western Growth Board applied res judicata incorrectly.

## FACTS

¶2 The County adopted an ordinance to designate the Hadlock/Irondale area as a nonmunicipal UGA.[4] ICAN challenged the County's ordinance in a petition before the Western Growth Board. The Western Growth Board found the County noncompliant with the GMA. The County adopted two additional ordinances in a continuing attempt to bring the UGA into compliance, and ICAN filed two additional petitions challenging each of these new ordinances. The Western Growth Board found the County noncompliant with regard to both new ordinances. The Western Growth Board consolidated ICAN's three petitions under a single cause number in 2009 (the consolidated action).[5] *Irondale Community Action Neighbors v. Jefferson County*, Nos. 03-2-0010, 04-02-0022, and 07-2-0012 (W. Wash. Growth Mgmt. Hr'gs Bd. Order Granting Consolidation of Cases Apr. 16, 2009).

¶3 In March 2009, still seeking to bring its UGA plans into compliance, the County adopted Ordinance No. 03-0323-09, amending the comprehensive plan (CP) and development regulations (DR). *Irondale Community Action Neighbors v.*

---

[4] The GMA requires certain counties to establish UGAs, within which urban growth is encouraged and outside which only nonurban growth can occur. RCW 36.70A.110(1).

[5] Under former WAC 242-02-893(1) (2004), *repealed by* Wash. St. Reg. 11-13-111 (July 22, 2011), a GMA compliance hearing is held to determine whether an entity "is in compliance with the requirements of the act as remanded in the final decision or order and any compliance schedule established by the board." The purpose of the consolidated action was therefore to determine whether the County was in compliance with each of the Western Growth Board's final orders that originally found the County out of compliance.

*Jefferson County*, No. 07-2-0012c, at 5 (W. Wash. Growth Mgmt. Hr'gs Bd. Compliance Order Aug. 12, 2009) (2009 Compliance Order). On April 27, as part of the consolidated action, ICAN filed a pleading entitled "Objection to Lifting Invalidity and Finding Compliance and Request for Additional Invalidity" (Objection to Lifting Invalidity). Administrative Record (AR) at 367. The Objection to Lifting Invalidity challenged Ordinance No. 03-0323-09, arguing that it failed to comply with the Western Growth Board's previous compliance orders in the consolidated action.

¶4 The Objection to Lifting Invalidity asserted that Ordinance No. 03-0323-09 failed to comply with the GMA because (1) a portion of the UGA would remain without sewer service within the required 20-year planning horizon, (2) the County had not adequately planned how to finance sewer infrastructure under RCW 36.70A.070(3)(d), (3) the County had not adequately planned where a sewer treatment plant would be located under RCW 36.70A.070(3)(c), (4) the County's plan did not provide for reassessing its plan if funding fell short as required under RCW 36.70A-.070(3)(e), (5) the ordinance would permit urban development in areas where sewer was not yet available, and (6) the County had conducted a faulty population holding capacity analysis.

¶5 The Western Growth Board found the County in compliance on each of ICAN's issues except for the fourth issue, which the Western Growth Board refused to consider,[6] and the fifth issue, on which the Western Growth Board found the County noncompliant. ICAN filed a motion for reconsideration of the 2009 Compliance Order, which the Western Growth Board denied. *Irondale Community Action Neighbors v. Jefferson County*, No. 07-2-0012c, at 7

---

[6] Because ICAN had not addressed RCW 36.70A.070(3)(e) in its previous petitions, that subsection was not addressed in the previous final decisions and orders. RCW 36.70A.070(3)(e) was therefore outside the scope of the consolidated action under former WAC 242-02-893(1). Thus, the Western Growth Board refused to consider ICAN's fourth issue in the Objection to Lifting Invalidity.

(W. Wash. Growth Mgmt. Hr'gs Bd. Order on Petitioners' Motion for Reconsideration Sept. 11, 2009). In a subsequent compliance hearing, the Western Growth Board found the County in compliance on ICAN's fifth issue and closed the consolidated action. *Irondale Community Action Neighbors v. Jefferson County*, No. 07-2-0012c, at 8 (W. Wash. Growth Mgmt. Hr'gs Bd. Compliance Order Jan. 27, 2010).

¶6 On May 26, before the Western Growth Board issued the 2009 Compliance Order, ICAN filed a new petition for review, also challenging Ordinance No. 03-0323-09. This petition raised 10 alleged violations of RCW 36.70A.020(1), (2), (5)-(7), (10), (12), .040(3), .070, .110, .115, .130(1)(d), and .210. ICAN argued (1) the CP and DR resulted in an oversized UGA, (2) the ordinance failed to specify the rural designations and zones to be implemented prior to designation of urban development zones, (3) the CP and DR were inconsistent with countywide planning policies, (4) the Port Hadlock UGA sewer-facility plan violated the GMA, (5) the ordinance did not provide for urban sewer service within the 20-year planning period, (6) the ordinance did not provide an adequate financial plan, (7) language in the ordinance did not use a consistent 20-year planning period or population data consistent with that planning period, (8) the holding capacity analysis did not comply with the GMA, (9) the ordinance did not use consistent numbers for people per household in its CP and DR, and (10) the UGA was oversized based on population growth and the existing residential lots.

¶7 ICAN subsequently amended its petition. The amendment added three additional alleged violations of RCW 36.70A.020(1), (2), (5)-(7), (10), (12), .040(3), .070, .110, .115, .130(1)(d), and .210: (1) The ordinance did not provide clear regulations to preclude residential building on pre-1969 substandard lots that would result in improper density, (2) the ordinance failed to implement regulations prior to the implementation of urban regulations, and (3) the ordinance improperly included "Residential Area #3" in the UGA. AR at 332-33.

¶8 After the Western Growth Board issued the 2009 Compliance Order, the County moved to strike ICAN's new petition, arguing that it was precluded under the doctrines of res judicata and collateral estoppel. With its motion to strike, the County included copies of ICAN's Objection to Lifting Invalidity and ICAN's motion for reconsideration of the 2009 Compliance Order to show that the new petition was barred under res judicata and collateral estoppel.

¶9 ICAN moved to strike these copies of its previous pleadings from the record, arguing that growth board rules required the County to file a motion to admit such documents into the record. The Western Growth Board denied ICAN's motion, ruling that the pleadings were not evidence, but rather argument. *Irondale Community Action Neighbors v. Jefferson County*, No. 09-2-0012, at 3 (W. Wash. Growth Mgmt. Hr'gs Bd. Order on Motions to Strike Nov. 5, 2009) (2009 Order on Motions To Strike). The Western Growth Board concluded that if it accepted ICAN's argument on this issue, "copies of every cited board or court decision would need to be included in the record." 2009 Order on Motions To Strike at 3; AR at 447.

¶10 The Western Growth Board concluded that it had authority to apply collateral estoppel and res judicata. The Western Growth Board then compared the issues addressed in the 2009 Compliance Order with those raised in ICAN's new petition and found that all the arguments raised in the new petition were either addressed in the 2009 Compliance Order, could have been raised previously, or were being addressed by the County. The Western Growth Board ruled that ICAN's new petition was barred by res judicata. ICAN appeals.

## ANALYSIS

### I. Standard of Review

¶11 The Administrative Procedure Act[7] (APA) governs judicial review of growth board actions. *Thurston County v. W. Wash. Growth Mgmt. Hearings Bd.*, 164 Wn.2d 329, 341, 190 P.3d 38 (2008). A party appealing a growth board's action bears the burden of demonstrating that the action was invalid. RCW 34.05.570(1)(a). RCW 34.05.570(3) provides nine bases for overturning a growth board's action. But a court "shall grant relief only if it determines that a person seeking judicial relief has been substantially prejudiced by the action complained of." RCW 34.05.570(1)(d).

¶12 " 'The primary goal in statutory interpretation is to ascertain and give effect to the intent of the Legislature.' " *King County v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 142 Wn.2d 543, 555, 14 P.3d 133 (2000) (quoting *Nat'l Elec. Contractors Ass'n, Cascade Chapter v. Riveland*, 138 Wn.2d 9, 19, 978 P.2d 481 (1999)). To determine legislative intent, we begin with the statute's plain language and ordinary meaning. *King County*, 142 Wn.2d at 555. We bear in mind that " '[t]he GMA was spawned by controversy, not consensus' and, as a result, it is not to be liberally construed." *Thurston County*, 164 Wn.2d at 342 (internal quotation marks omitted) (quoting *Woods v. Kittitas County*, 162 Wn.2d 597, 612 n.8, 174 P.3d 25 (2007)).

¶13 We accord substantial weight to a growth board's interpretation of the GMA, but we are not bound by the growth board's interpretations. *Thurston County*, 164 Wn.2d at 341. As such, our review of questions of law under the GMA is ultimately de novo. *Thurston County*, 164 Wn.2d at 341.

---

[7] Ch. 34.05 RCW.

## II. ICAN's Motion To Strike

¶14 ICAN argues that the Western Growth Board erred by considering two of ICAN's prior pleadings without requiring the County to move to include these pleadings in the record. We agree but hold that ICAN was not substantially prejudiced by this error and therefore, under RCW 34.05.570(1)(d), we do not grant ICAN relief.

¶15 Under RCW 34.05.570(3)(h), agency action is invalid if "[t]he order is inconsistent with a rule of the agency unless the agency explains the inconsistency by stating facts and reasons to demonstrate a rational basis for inconsistency." Under former WAC 242-02-540 (1998), *repealed by* Wash. St. Reg. 11-13-111 (July 22, 2011), the record before the growth board is limited to the record developed by the city, county, or state in taking the action that is the subject of the growth board's review. A party may request by motion that the growth board consider additional evidence.

¶16 The Western Growth Board erred by considering ICAN's prior pleadings without requiring the County to move to include them in the record. The pleadings were not arguments in the new case before the Western Growth Board; they were evidence of what ICAN had argued in the consolidated action. ICAN has met its burden under RCW 34.05.570(3)(h) to show that the Western Growth Board's denial of ICAN's motion to strike was inconsistent with growth board rules, and that the Western Growth Board offered no facts or reasons demonstrating a rational basis for this inconsistency.

¶17 However, under RCW 34.05.570(1)(d), we may not grant relief unless we determine that the complaining party has been substantially prejudiced by the action complained of. ICAN argues that it was prejudiced because it was given no opportunity to reply to this "new evidence." Reply Br. of Pet'r at 24. But this argument lacks merit. The County

included the pleadings with its motion to strike ICAN's petition. Also, the "new evidence" consisted of pleadings ICAN drafted. ICAN does not explain how much additional time it needed to respond to these pleadings, nor does it explain why additional time was necessary. Based on the record before us, we cannot conclude that the Board's consideration of ICAN's prior pleadings substantially prejudiced ICAN. As such, we do not grant relief from the Western Growth Board's denial of ICAN's motion to strike. *See Hahn v. Dep't of Ret. Sys.*, 137 Wn. App. 933, 945, 155 P.3d 177 (2007).

### III. Authority of the Western Growth Board

¶18 ICAN also argues that the Western Growth Board exceeded its authority by applying the equitable doctrine of res judicata. To prevail on this argument, ICAN must show that the Western Growth Board's action was "outside the statutory authority or jurisdiction of the agency conferred by any provision of law." RCW 34.05-.570(3)(b). We hold that it is necessary for the growth boards to apply res judicata and collateral estoppel in order to carry out their statutorily delegated authority and that the growth boards therefore have implied statutory authority to apply these doctrines.

¶19 The doctrine of res judicata bars parties from relitigating claims that were raised or could have been raised in an earlier action. *Stevens County v. Futurewise*, 146 Wn. App. 493, 502, 192 P.3d 1 (2008). "The threshold requirement of res judicata is a final judgment on the merits in the prior suit." *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 865, 93 P.3d 108 (2004).

> "Under the doctrine of res judicata, or claim preclusion, a prior judgment will bar litigation of a subsequent claim if the prior judgment has a concurrence of identity with [the] subsequent action in (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made."

*City of Arlington v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 164 Wn.2d 768, 791-92, 193 P.3d 1077 (2008) (alteration in original) (internal quotation marks omitted) (quoting *In re Election Contest Filed by Coday*, 156 Wn.2d 485, 500-01, 130 P.3d 809 (2006)). " 'When a subsequent action is on a different claim, yet depends on issues which were determined in a prior action, the relitigation of those issues is barred by collateral estoppel.' " *City of Arlington*, 164 Wn.2d at 792 (quoting *Hilltop Terrace Homeowner's Ass'n v. Island County*, 126 Wn.2d 22, 31, 891 P.2d 29 (1995)).

> Collateral estoppel, or issue preclusion, requires
>
> > (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied.

*City of Arlington*, 164 Wn.2d at 792 (internal quotation marks omitted) (quoting *Shoemaker v. City of Bremerton*, 109 Wn.2d 504, 507, 745 P.2d 858 (1987)). " 'In addition, the issue to be precluded must have been actually litigated and necessarily determined in the prior action.' " *City of Arlington*, 164 Wn.2d at 792 (quoting *Shoemaker*, 109 Wn.2d at 508).

¶20 Some appellate courts have considered whether growth board decisions are entitled to res judicata or collateral estoppel effect in the courts. *See, e.g., Gold Star Resorts, Inc. v. Futurewise*, 167 Wn.2d 723, 738, 222 P.3d 791 (2009); *City of Arlington*, 164 Wn.2d at 794; *Spokane County v. City of Spokane*, 148 Wn. App. 120, 124, 197 P.3d 1228 (2009); *Clallam County v. W. Wash. Growth Mgmt. Hearings Bd.*, 130 Wn. App. 127, 132, 121 P. 3d 764 (2005). But these cases do not address the issue at hand, whether the growth boards themselves have the authority to apply res judicata or collateral estoppel.

¶21 In *Stevens County*, 146 Wn. App. at 503, Division Three of this court reviewed the decision of the Eastern

Washington Growth Management Hearings Board (Eastern Growth Board) that res judicata did not bar an action before the Eastern Growth Board. The *Stevens County* court held that none of the factors establishing res judicata were present and affirmed the Eastern Growth Board's decision on this point. 146 Wn. App. at 503. But the *Stevens County* court was not called on to decide the broad question whether the growth boards have authority to consider the application of res judicata. Here, we are called upon to directly address whether the growth boards have authority to apply res judicata and collateral estoppel.

¶22 In the 2009 Order on Motions to Strike, the Western Growth Board noted that the Central Puget Sound Growth Management Hearings Board (Central Growth Board) has ruled that the growth boards lack authority to apply res judicata and collateral estoppel,[8] the Eastern Growth Board has ruled that growth boards do have such authority,[9] and the Western Growth Board has issued conflicting decisions.[10]

¶23 In holding that it lacked authority to apply equitable doctrines, the Central Growth Board relied on RCW 36.70A.280(1). *City of Tacoma v. Pierce County*, No. 94-3-0001, at 3 (Cent. Puget Sound Growth Mgmt. Hr'gs Bd. Order on Dispositive Motions Mar. 4, 1994). Under this statute, the growth boards "shall hear and determine only

---

[8] *City of Tacoma v. Pierce County*, No. 94-3-0001, at 4 (Cent. Puget Sound Growth Mgmt. Hr'gs Bd. Order on Dispositive Motions Mar. 4, 1994) (ruling that the boards may not apply equitable doctrines).

[9] *Turtle Rock Homeowners Ass'n v. Chelan County*, No. 07-1-0001, at 8 (E. Wash. Growth Mgmt. Hr'gs Bd. Final Decision and Order July 17, 2007).

[10] *See, e.g., Mudge v. Lewis County*, Nos. 01-2-0010c, 00-2-0031c, 99-2-0027c, 98-2-0011c, at 4 (W. Wash. Growth Mgmt. Hr'gs Bd. Order on Reconsideration Aug. 19, 2002) (ruling that nothing in the GMA authorized the growth boards to apply equitable doctrines); *Skagit County Growthwatch v. Skagit County*, No. 04-2-0004 at 6 (W. Wash. Growth Mgmt. Hr'gs Bd. Order on Motion to Dismiss June 2, 2004) (declining to find res judicata applicable, implicitly ruling without analysis that the Western Growth Board had authority to apply the doctrine); *Friends of Skagit County v. Skagit County*, No. 07-2-0025c, at 24-25 (W. Wash. Growth Mgmt. Hr'gs Bd. Final Decision and Order May 12, 2008) (ruling that the GMA does not grant the growth boards authority to apply equitable doctrines).

those petitions alleging" noncompliance with the GMA, as well as other select statutes that are not relevant to this appeal. RCW 36.70A.280(1). The Central Growth Board further relied on RCW 36.70A.300(1). *City of Tacoma*, at 3. This statute provides that a growth board's final order "shall be based exclusively on whether or not a state agency, county, or city is in compliance with the requirements of" the GMA. RCW 36.70A.300(1).[11] The Central Growth Board concluded that the restrictive language in these statutory mandates did not grant the growth boards authority to apply equitable doctrines. *City of Tacoma*, at 4.

¶24 The Western Growth Board in this case disagreed with the Central Growth Board, holding that applying the doctrines of res judicata and collateral estoppel does not conflict with its statutory mandate under RCW 36.70A-.280(1) and .300(1). The Western Growth Board reasoned that if it has already determined an issue of compliance under the GMA, barring a party from relitigating the same issue is analogous to determining the issue under the GMA. We agree with the Western Growth Board.

¶25 The doctrine of res judicata does not apply unless there has been a final adjudication on the merits in a prior action. *Hisle*, 151 Wn.2d at 865. And the doctrine of collateral estoppel does not apply unless the issue to be precluded has been actually litigated and necessarily decided in a prior action. *City of Arlington*, 164 Wn.2d at 792. Furthermore, a growth board's decision on the merits of a claim or issue must be based on compliance with the GMA. As such, in order for res judicata or collateral estoppel to apply, the growth board must have issued a prior decision determin-

---

[11] RCW 36.70A.300(1) provides, in full:

The board shall issue a final order that shall be based exclusively on whether or not a state agency, county, or city is in compliance with the requirements of this chapter, chapter 90.58 RCW as it relates to adoption or amendment of shoreline master programs, or chapter 43.21C RCW as it relates to adoption of plans, development regulations, and amendments thereto, under RCW 36.70A.040 or chapter 90.58 RCW.

ing the claim or issue under the GMA. Determining that a case is precluded under res judicata or collateral estoppel is therefore tantamount to determining that case based on compliance with the GMA. This is true even where a growth board decides that a claim is precluded under res judicata because it *could have been* raised in a prior action. Such a decision simply gives ordinary preclusive effect to a previous final adjudication, which necessarily must have been based on compliance with the GMA. There is no conflict between the authority to apply res judicata and collateral estoppel and the authority granted under RCW 36.70A-.280(1) and .300(1).

¶26 In determining that it had authority to apply res judicata and collateral estoppel, the Western Growth Board also relied on *Motley-Motley, Inc. v. Pollution Control Hearings Bd.*, 127 Wn. App. 62, 110 P.3d 812 (2005). *Motley-Motley* considered whether the Pollution Control Hearings Board (PCHB) had authority to apply equitable estoppel to a case before it. 127 Wn. App. at 73. *Motley-Motley* recognized that an agency may act only as authorized by the legislature. 127 Wn. App. at 74 (citing *Rettkowski v. Dep't of Ecology*, 122 Wn.2d 219, 226, 858 P.2d 232 (1993)). But *Motley-Motley* held that an agency has implied authority "to do those things that are necessary in order to carry out the statutory delegation of authority." 127 Wn. App. at 74 (citing *Tuerk v. Dep't of Licensing*, 123 Wn.2d 120, 125, 864 P.2d 1382 (1994)).

¶27 *Motley-Motley* then noted that the PCHB had statutory authority to decide appeals from the Department of Ecology (DOE), and it also had the adjudicative powers granted to agencies under the APA. 127 Wn. App. at 74 (citing RCW 43.21B.110, .160). From this statutory authority, *Motley-Motley* concluded that the PCHB "has the implied authority to do everything lawful and necessary to provide for the expeditious and efficient disposition of DOE appeals. This includes the right to develop and shape remedies within the scope of its statutory authority." 127

Wn. App. at 74. On this basis, the court held that the PCHB had implied authority to apply the doctrine of equitable estoppel. 127 Wn. App at 74.

¶28 The instant case is analogous to *Motley-Motley*. Under RCW 36.70A.270(4), the growth boards "shall perform all the powers and duties specified in [the GMA] or as otherwise provided by law." And the growth boards are governed by the provisions of the APA, except as they conflict with the GMA. RCW 36.70A.270(7). This statutory mandate is similar to that analyzed in *Motley-Motley*. And as we hold above, the authority to apply res judicata and collateral estoppel does not conflict with the growth boards' grant of authority under RCW 36.70A.280(1) and .300(1). As such, just like the PCHB, the growth boards have authority "to do everything lawful and necessary" to resolve GMA petitions expeditiously and efficiently. *Motley-Motley*, 127 Wn. App at 74. And because the power to dismiss successive petitions raising the same claims and issues, or claims that could have been raised in a prior action,[12] is necessary for expeditious and efficient disposition of GMA petitions, we hold that the growth boards have implied authority to apply res judicata and collateral estoppel.

¶29 Furthermore, as the Western Growth Board noted, the growth boards are required to render decisions within 180 days of the filing of a petition for review. RCW 36.70A.300(2)(a). This deadline heightens the necessity for the growth boards to deal expeditiously with successive petitions raising the same claims and issues. Because authority to apply res judicata and collateral estoppel is necessary for the growth boards to carry out their statutory delegation of authority, the GMA impliedly grants such authority.

---

[12] The power to dismiss claims that could have been raised in a previous action is especially necessary. If the growth boards lack such power, litigants could hold claims in reserve, potentially perpetuating GMA litigation indefinitely.

## IV. Application of Res Judicata

¶30 ICAN finally argues that the Western Growth Board incorrectly applied the doctrine of res judicata. We hold that ICAN has failed to meet its burden on this point and affirm the Western Growth Board's decision that res judicata barred ICAN's new petition.

¶31 As we noted above, the party challenging the growth board action has the burden to show that the action was invalid under one of the bases provided in RCW 34.05.570(1)(a). ICAN may obtain relief on this issue by showing that the Western Growth Board erroneously interpreted or applied the law. RCW 34.05.570(3)(d). We review this issue of law de novo. *Thurston County*, 164 Wn.2d at 341.

¶32 ICAN makes little effort in its briefing to demonstrate that the claims in its new petition differed from those asserted in the Objection to Lifting Invalidity. ICAN points out that it framed its claims differently in the new petition and argues that it raised sections and subsections of the GMA that could not have been raised in the Objection to Lifting Invalidity.[13] This showing is inadequate. Merely asserting a new legal basis for a claim that has already been decided does not bar the application of res judicata. *See DeYoung v. Cenex, Ltd.*, 100 Wn. App. 885, 892, 1 P.3d 587 (2000); *Kuhlman v. Thomas*, 78 Wn. App. 115, 124, 897 P.2d 365 (1995).

¶33 Under the APA, the burden is on ICAN to demonstrate the invalidity of the challenged growth board action. RCW 34.05.570(1)(a). We hold that ICAN failed to satisfy its burden to show that the Western Growth Board erroneously interpreted or applied the law. We thus affirm the Western

---

[13] We also note that at oral argument, ICAN could not offer any concrete example of how its claims in the new petition differed from the claims in the Objection to Lifting Invalidity. Instead, ICAN referred us back to its briefing.

Growth Board's determination that the new petition was barred by res judicata.

ARMSTRONG and HUNT, JJ., concur.