**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN PIERSON, a single person,<br><br>       Plaintiff-Appellant,<br><br>  v.<br><br>HUDSON INSURANCE COMPANY, a New York corporation; ODYSSEY REINSURANCE COMPANY, a Connecticut corporation; ODYSSEY RE HOLDINGS CORP., a Delaware corporation; ALLIANT INSURANCE SERVICES, INC., a California corporation; and ALLIANT SPECIALTY INSURANCE SERVICES, INC., a California corporation, a subsidiary of Alliant Insurance Services, Inc., DBA Tribal First;<br><br>       Defendants-Appellees. | No.   20-35185<br><br>D.C. No.<br>2:19-cv-00289-JCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington

_____

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

John Coughenour, District Judge, Presiding

Submitted December 7, 2020[**]
Seattle, Washington

Before: MILLER and BRESS, Circuit Judges, and BASTIAN,[***] Chief District Judge.

Susan Pierson appeals the district court's dismissal of her case for failure to state a claim on issue preclusion and statute of limitations grounds. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**(1) Standard of Review**

"We review the district court's grant of a motion to dismiss *de novo*." *Garity v. APWU Nat. Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)). "When ruling on a motion to dismiss, we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Id.* at 854 (quoting *Knievel*, 393 F.3d at 1072). "A Rule 12(b)(6) dismissal may be based on either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stanley Allen Bastian, United States Chief District Judge for the Eastern District of Washington, sitting by designation.

1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

**(2) Issue Preclusion**

Appellant argues that the district court improperly dismissed certain of her claims on the basis of issue preclusion. A federal court sitting in diversity jurisdiction applies the preclusion law of the state in which it sits. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508–09 (2001). Under Washington law, a party asserting issue preclusion "must show (1) the issue in the earlier proceeding is identical to the issue in the later proceeding; (2) the earlier proceeding ended with a final judgment on the merits; (3) the party against whom [issue preclusion] is asserted was a party, or in privity with a party, to the earlier proceeding; and (4) applying [issue preclusion] would not be an injustice." *Schibel v. Eymann*, 399 P.3d 1129, 1132 (Wash. 2017).

The parties agree that the prior proceeding ended in a final judgment on the merits and that Appellant was a party to the prior proceeding. They dispute only whether the issues in the two cases were identical and whether application of the doctrine would cause injustice.

*(a) Identity of Issues*

For issue preclusion to apply, the issue decided in the earlier proceeding must have been "actually litigated and necessarily determined" in that proceeding. *Scholz v. Wash. State Patrol*, 416 P.3d 1261, 1267 (Wash. Ct. App. 2018) (quoting *Shoemaker v. City of Bremerton*, 745 P.2d 858, 860 (Wash. 1987) (en banc)). In the prior proceeding, the district court concluded that tribal sovereign immunity barred Appellant's claims against Swinomish tribal police officers arising out of the seizure and forfeiture of her truck. In the instant proceeding, the district court concluded that, although Appellant asserted that Appellee insurance companies violated 25 U.S.C. § 5321(c)(3)(A) by failing to include a waiver of the tribal sovereign immunity defense in policies issued to tribes and therefore deprived her of her due process right to litigate tort claims, she was really trying to rehash the issue of tribal sovereign immunity.

Appellant argues that her claims in this case are different and that the prior proceeding did not address her claim under § 5321. But Appellant's claims in both the prior proceeding and the instant proceeding turn on the identical issue of whether the tribal officers were entitled to immunity. This issue has already been decided against Appellant. Thus, as the district court correctly recognized, the issues are identical.

*(b) Whether Application of Issue Preclusion Would Cause Injustice*

Appellant argues that applying issue preclusion would cause an injustice because she would be denied her right to pursue her tort litigation without interference from the tribal sovereign immunity defense. She argues that she did not have a full and fair opportunity to litigate her claim under § 5321(c)(3)(A).

For this element, "Washington courts look to whether the parties to the earlier proceeding received a full and fair hearing on the issue in question." *Schibel*, 399 P.3d at 1133–34 (quoting *Thompson v. Wash. Dep't of Licensing*, 982 P.2d 601, 608 (Wash. 1999) (en banc)). A party has a full and fair opportunity to litigate the contested issue if the party had "sufficient motivation for a full and vigorous litigation of the issue." *Weaver v. City of Everett*, 421 P.3d 1013, 1019 (Wash. Ct. App. 2018) (quoting *Hadley v. Maxwell*, 27 P.3d 600, 604 (Wash. 2001)). Application of issue preclusion here will not cause injustice. At its core, Appellant's argument is grounded in her belief that the prior proceeding was wrongly decided and that tribal sovereign immunity was improperly applied to dismiss her claim. That argument should have been raised via a direct appeal of that case. Appellant had a full and fair opportunity to litigate her claim based on 25 U.S.C. § 3521(c)(3)(A) and to join the insurance companies in the prior

5

proceeding. She chose not to. This is not an injustice sufficient to avoid application of issue preclusion.

Accordingly, because all four elements of issue preclusion are satisfied, Appellant's claims are barred.

**(3) Other Arguments**

In their responding brief, Appellees raise a number of other grounds on which the Court could affirm the district court. Appellant did not challenge the district court's dismissal of her other claims on statute of limitations grounds, and that argument is waived. *Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016). We need not consider Appellees' other asserted grounds for affirmance.

**AFFIRMED.**