[No. 35425.    *En Banc.*    January 19, 1961.]

THOMAS A. REEDER et al., *Appellants,* v. KING COUNTY et al., *Respondents.*[1]

*Geo. H. Crandell,* for appellants.

*Charles O. Carroll* and *Derrill T. Bastian,* for respondents.

FINLEY, C. J.—This is an action brought under the Uniform Declaratory Judgments Act, RCW 7.24, seeking a declaration of appellants' alleged right to have certain real property re-zoned by the Board of Commissioners of King County.

Appellants own land that abuts on U. S. Highway No. 10, a few miles east of Lake Washington. In 1958, appellants properly applied to the county commissioners to have their land re-zoned from the use designated as R-A (single residence) to R-3 (multiple residence, trailer court). The application was referred to the King County Planning Commission, which recommended that it be granted. In March of 1959, the commissioners re-zoned three nearby lots from

[1]Reported in 358 P. (2d) 810.

R-A to R-3, but did not change the classification of appellants' property.

Appellants thereupon brought this action for a declaratory judgment, alleging that the conduct of the county commissioners was arbitrary, wrongful, capricious, and in violation of appellants' rights. The county's demurrer to the complaint was sustained by the trial court.

■ The declaratory judgment act should be liberally interpreted in order to facilitate its socially desirable objective of providing remedies not previously countenanced by our law. However, a plaintiff is not entitled to relief by way of a declaratory judgment if, otherwise, he has a completely adequate remedy available to him. *Kahin v. Lewis* (1953), 42 Wn. (2d) 897, 259 P. (2d) 420; *Hawk v. Mayer* (1950), 36 Wn. (2d) 858, 220 P. (2d) 885; *Jacobsen v. King County Medical Service Corp.* (1945), 23 Wn. (2d) 324, 160 P. (2d) 1019; *Peoples Park & Amusement Ass'n, v. Anrooney* (1939), 200 Wash. 51, 93 P. (2d) 362.

■ Although appellants did not have a right to appeal to the superior court, the writ of certiorari was available to them and would have afforded them all relief to which they may be entitled in this case. *State ex rel. Lyon v. Board of County Com'rs* (1948), 31 Wn. (2d) 366, 196 P. (2d) 997; RCW 7.16.040.

Inasmuch as we have concluded that appellants were improperly before the court, we agree with the trial court that the action should be dismissed. This, however, is without prejudice to any other relief, legal or equitable, to which appellants may be entitled. The respondent county should recover its costs. It is so ordered.

ALL CONCUR.

---

April 26, 1961. Petition for rehearing denied.