98 P.3d 84 (2004)
123 Wash.App. 226
CORNELL PUMP COMPANY, a Delaware corporation, Appellant,
v.
CITY OF BELLINGHAM, a political subdivision in the State of Washington; and Morris Pump, an incorporation, Respondents.
No. 52346-5-I.
Court of Appeals of Washington, Division 1.
September 20, 2004.
*85 Joseph Straus, Bullivant Houser Bailey PC, Seattle, WA, for Appellant.
James Wagner, Scott Bissel, Stafford Frey Cooper, Christopher Wright, Mark Rosencrantz, Stanislaw Ashbaugh LLP, Seattle, WA, for Respondents.
COLEMAN, J.
A trial court may require a party that wrongfully obtains a temporary restraining order to pay the costs and fees associated with dissolving the order. The purpose of this equitable rule is to discourage parties from unnecessarily seeking injunctive relief. This rule has a limited application in the public bidding context because a disappointed bidder cannot obtain any relief once the contract has been signed and cannot receive damages. Thus, in many public bidding cases, awarding attorney fees may not be appropriate. There is not, however, an absolute bar to attorney fees in the public bidding context. Rather, in applying the rule, the trial court must determine whether, under the circumstances of the particular case, attorney fees are appropriate. Here, the trial court did not abuse its discretion in awarding attorney fees because the disappointed bidder did not have a tenable basis for challenging the bid award.

FACTS
In January 2003, the City of Bellingham published an invitation for bids on sewage pumps and other equipment for an upgrade project at the Oak Street Pump Station. Before submitting its bid, Cornell Pump Company met with the City's design consultant, Parametrix, Inc., and discussed the technical requirements of the bid. Cornell submitted its bid on January 29, 2003. Two other manufacturers, Morris Pump, Inc. and Fairbanks Equipment, also submitted bids. On February 3, 2003, Parametrix gave the City a written review of the bid proposals. Parametrix determined that Morris had submitted the lowest responsive bid and recommended that the City award the bid to Morris. Parametrix determined that Cornell's bid was nonresponsive and recommended that the City reject the bid:
 Review of non-technical bid submittals:
 Bidder did not meet specified experience requirements.

*86  Bidder did not meet warranty requirements. Provided 2 years after pump delivery rather than 2 years after substantial completion.
 Review of technical bid submittals:
 Bidder did not provide sphere passing ability for both pump sizes.
 Bidder did not provide required efficiency for specified pump performance Condition D. Provided 55% rather than specified 66%.
 Bidder did not provide a pump suitable for operating at specified pump performance Condition E (Condition E is far outside manufacturer's acceptable operating range for the submitted pump).
 Bidder provided double volute pumps for large pumps are [sic] double volute, rather than single volute as specified.
Bid rejection recommended because bidder did not meet technical requirements.
The City's Public Works Department recommended that the City Council award the sewage pump contract to Morris at its next meeting. When Cornell learned about the recommendation, it contacted Parametrix to discuss the recommendations. On February 7, 2003, Cornell submitted a formal bid protest letter to the City. In the protest, Cornell argued that its bid was lower than Morris's and that it would meet all of the technical requirements of the project. Cornell acknowledged that its bid did not meet the City's specifications, but argued that because it did not "take any exceptions" to the specifications in the bid, it would comply with the requirements in its final submittal.
At the City Council meeting on February 10, 2003, Cornell addressed the Council and asked the Council to accept its bid, again arguing that because it did not "take any exceptions" to the specifications, it would comply with all of the requirements, despite the variances in the actual bid submitted. The Council unanimously voted to award the contract to Morris. The Council notified Morris of the contract acceptance on February 12, 2003.
On February 13, 2003, Cornell filed suit in the Whatcom County Superior Court to restrain the City and Morris from signing the contract and filed a motion for an ex parte temporary restraining order (TRO). Cornell sought the TRO against both the City and Morris, without notice to either party under CR 65(b). Cornell argued that the TRO was necessary to prevent the City and Morris from executing the contract prior to the hearing. The trial court granted the TRO and set a hearing to determine whether a preliminary injunction was appropriate. After a two-day hearing, the trial court dissolved the TRO and denied Cornell's request for a preliminary injunction on February 28, 2003.
The City and Morris filed motions for attorney fees and costs incurred in responding to Cornell's TRO and request for a preliminary injunction. After a hearing, the trial court granted the motions, concluding:
The Quinn case not withstanding, the City and Morris Pump are entitled to attorney fees. Without going into an awful lot of detail, it's pretty well explained that the temporary restraining order was improvidently granted and subsequently dissolved, and the prevailing party is entitled to its costs.
One of the reasons why they have that under Rule 65 is to make certain that the party who eventually prevails will be entitled to their costs. If they  if the Quinn case were to be extended to some ridiculous end, say that there never would be any costs, then we can eliminate the need for a bond or security as is required.
So to that extent Quinn doesn't apply as far as this case is concerned, and you'll have to pay the attorneys fees for the City and for Morris. That will be the judgment or the last and bravest order of this Court.
Report of Proceedings (April 18, 2003) at 12-13. Cornell filed a timely notice of appeal.

STANDARD OF REVIEW
"The applicable equitable rule is that attorney fees may be awarded to a party who prevails in dissolving a wrongfully issued injunction or, as here, temporary restraining order. The award is discretionary[.]" *87 Confederated Tribes of Chehalis Reservation v. Johnson, 135 Wash.2d 734, 758, 958 P.2d 260 (1998) (internal citations omitted). Therefore, we review for an abuse of discretion. A trial court abuses its discretion if it bases its decision on untenable grounds. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971).

ANALYSIS
We first address whether the trial court abused its discretion in awarding attorney fees incurred in dissolving the TRO to the City and Morris. Under state competitive public bidding rules, the public entity must accept the lowest responsive bid. The entity must also reject any bids that are nonresponsive. RCW 43.19.1911(1); Gostovich v. City of West Richland, 75 Wash.2d 583, 587, 452 P.2d 737 (1969). A bid that contains a material variance is nonresponsive. Land Constr. Co., Inc. v. Snohomish County, 40 Wash.App. 480, 482, 698 P.2d 1120 (1985). "`The test of whether a variance is material is whether it gives a bidder a substantial advantage or benefit not enjoyed by other bidders.'" Land Constr., 40 Wash.App. at 482, 698 P.2d 1120 (quoting Duffy v. Village of Princeton, 240 Minn. 9, 60 N.W.2d 27, 29 (1953)). If the public entity fails to follow the competitive bidding rules, a disappointed bidder may not recover damages:
The bidder's interest in a fair forum is secondary. Therefore, even where the wrongful award of a contract violates a bidder's interest in a fair forum, the bidder may not sue for damages. To allow damages would violate the public interest by subjecting taxpayers to further penalties when they are already injured by paying too high a price under an illegal contract. The aggrieved bidder may instead sue to enjoin the award of an illegal contract, because the public benefits from preventing a contract for an excessive amount.
Dick Enters., Inc. v. Metro. King County, 83 Wash.App. 566, 569, 922 P.2d 184 (1996) (footnotes omitted). Generally, a prevailing party must pay its own attorney fees and costs. Rettkowski v. Dep't of Ecology, 128 Wash.2d 508, 514, 910 P.2d 462 (1996). The trial court, in exercising its discretion, may award attorney fees, however, when a party prevails in dissolving a wrongfully issued injunction or temporary restraining order. Johnson, 135 Wash.2d at 758, 958 P.2d 260. A TRO is wrongful if it is dissolved after a full hearing. Ino Ino, Inc. v. City of Bellevue, 132 Wash.2d 103, 143, 937 P.2d 154, 943 P.2d 1358 (1997). The purpose of this equitable rule is to discourage parties from seeking unnecessary injunctive relief prior to a trial on the merits. White v. Wilhelm, 34 Wash.App. 763, 774, 665 P.2d 407 (1983). Cornell argues that the TRO was not wrongful within the meaning of CR 65(c) because it was the only remedy available to Cornell. Cornell argues that the TRO was necessary to preserve the status quo so that a trial on the merits could be held. The City and Morris, on the other hand, argue that because Cornell was a nonresponsive bidder, it did not have any right to preserve and therefore the TRO was unnecessary. In support of their contentions, all parties rely on Johnson and Quinn.
Johnson involved an injunction to prevent public disclosure of tribal gambling documents. After the court determined that disclosure was proper, the party seeking disclosure requested attorney fees. The Washington Supreme Court denied the request:
The applicable equitable rule is that attorney fees may be awarded to a party who prevails in dissolving a wrongfully issued injunction or, as here, temporary restraining order. The award is discretionary, and Mr. Johnson does not argue that the trial court abused its discretion in denying him fees. The purpose of the rule permitting recovery for dissolving a restraining order is to deter plaintiffs from seeking relief prior to a trial on the merits. The purpose of the rule would not be served where injunctive relief prior to trial is necessary to preserve a party's rights pending resolution of the action. Here, the trial on the merits would have been fruitless if the records had already been disclosed. If fees were to be awarded based on this equitable rule, they would be limited to those necessary to dissolve the temporary restraining order, not those connected with the appeal.
Johnson, 135 Wash.2d at 758-59, 958 P.2d 260 (internal citations omitted).
*88 In Quinn, both Quinn Construction and Korsmo Construction submitted bids for a public works project. Korsmo submitted its bid 5 to 10 seconds after the bid deadline. The fire chief accepted Korsmo's late bid, and the Board of Commissioners awarded the project to Korsmo. Quinn sought a TRO and gave notice to Korsmo and the District. The District and Korsmo signed the contract an hour before the scheduled TRO hearing. At the TRO hearing, the court commissioner entered an order restraining the District and Korsmo from signing the contract. Quinn then filed for a preliminary injunction, arguing that the District improperly accepted Korsmo's late bid and that the parties wrongfully attempted to frustrate Quinn's rights by signing the contract after notice of the TRO motion was received. The trial court ruled that the District could waive the lateness of Korsmo's bid as a minor informality and, thus, the TRO was improperly granted and Quinn had no right to further relief. The trial court denied the District's request for attorney fees incurred in dissolving a wrongful injunction. This court affirmed the trial court's decision, relying heavily on the decision in Johnson,
[The reasoning in Johnson] is even more applicable in the context of public bidding. Here, an injunction was not only necessary to preserve any rights Quinn might have; it was the only relief available to Quinn. Thus, for all practical purposes, the hearing on the injunction was the trial on the merits. The purpose of the equitable rule allowing attorney fees for wrongful injunction is to encourage plaintiffs to prove the merits of their cases before seeking relief. That purpose would not be served by deterring plaintiffs from seeking the only relief available to them under law. Accordingly, an attorney fee award premised upon the theory of wrongful injunction would have been inappropriate in this case....
.... [A]ny award of fees for wrongful injunction would run afoul of the Supreme Court's decision in Johnson.

Quinn, 111 Wash.App. at 35-36, 44 P.3d 865 (emphasis in original) (internal citations omitted).
In Quinn, the court recognized that the equitable rule allowing attorney fees incurred in dissolving a wrongful TRO has a limited application in the public bidding context. This limitation is necessary because of the nature of public bidding and the narrow remedies available to a disappointed bidder.[1] The court in Quinn did not, however, announce an absolute bar to an award of attorney fees under CR 65 in the public bidding context. Rather, under Quinn, the trial court retains discretion to determine, under the circumstances of a particular case, whether attorney fees under CR 65 are appropriate. This discretion is limited, and the trial court may not base its award on untenable grounds.[2]
We acknowledge that this is an unusual situation. Here, Cornell admitted, in writing, prior to obtaining the TRO that its submittal did not conform to the technical specifications required by the City. Cornell argues that it never conceded that its bid was nonresponsive. Cornell did acknowledge, however, that the bid specifications it submitted did not conform to the specifications required by the City. Cornell's sole argument is that because it stated in the bidding documents that it was "taking no exceptions," it would remedy the discrepancies in the specifications. These assertions, however, do not make Cornell's bid responsive. Had the City accepted Cornell's bid, Cornell would be in the position to declare itself nonresponsive if it found its bid to be too low and avoid the contract by pointing out that its bid specifications were not in accord with the City's requirements. Alternatively, Cornell could accept the contract and make the necessary adjustments. This would impermissibly transfer control over the award of the contract to Cornell. Land Constr., 40 Wash.App. at 482-83, 698 P.2d 1120. Therefore, it is clear that Cornell's bid was nonresponsive and the *89 City could not award the contract to it. Additionally, this case is distinguishable from Quinn and Johnson because in those cases, the trial court denied attorney fees and the reviewing courts determined that the trial courts had not abused their discretion. Here, the trial court, in exercising its discretion, awarded attorney fees under CR 65.
Quinn and Johnson make it clear that in the public bidding context, the trial court, in determining whether attorney fees are appropriate, cannot simply look at whether the TRO was subsequently dissolved. Rather, the court must determine whether it was reasonable for the bidder to seek injunctive relief initially. It is permissible for the trial court to exercise its discretion to award attorney fees when the bidder does not hold a reasonable position in seeking injunctive relief. Here, it was unreasonable for Cornell to seek a TRO because its bid was clearly nonresponsive and therefore Cornell did not have any right to preserve. Under the narrow circumstances of this case, it was not an abuse of discretion for the trial court to determine that attorney fees were warranted because Cornell's position regarding the TRO was untenable.[3]
The City and Morris also argue that they are entitled to attorney fees and costs on appeal under RAP 18.9(a), which provides for attorney fees against a party that files a frivolous appeal. Because it was unclear whether Johnson and Quinn constituted a complete bar to attorney fees under CR 65(c) in the public bidding context, Cornell's appeal was not frivolous and therefore an award of attorney fees on appeal is inappropriate.
We affirm the trial court's decision and deny the request for fees and costs on appeal.
APPELWICK and KENNEDY, JJ., concur.
NOTES
[1] Once the parties sign the contract, a disappointed bidder cannot challenge the contract and is not entitled to damages. Dick Enters., 83 Wash.App. at 569, 922 P.2d 184.
[2] Cornell also argues that CR 11 sanctions should be the sole avenue for the City and Morris to receive an award of attorney fees. The availability of CR 11 sanctions, however, does not affect our analysis, as CR 11 is not an exclusive remedy.
[3] Cornell also argues that the trial court erred in awarding fees and costs incurred after the date of the dissolution of the TRO and for consultant fees. Issues not raised before the trial court will generally not be considered on appeal. RAP 2.5(a). Because Cornell did not contest the amount of the damages awarded before the trial court, we will not address the issue here.