FILED

April 22, 2014

In the Office of the Clerk of Court

WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IGI RESOURCES, INC., | ) | No. 30524-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PASCO, a municipal | ) | PUBLISHED OPINION |
| corporation, | ) | |
| | ) | |
| Appellant. | ) | |

BROWN, J. – The City of Pasco (the City) appeals the trial court's summary grant

of a tax refund to IGI Resources, Inc. (IGI) for taxes paid on gas delivered outside the

City's boundaries. The trial court concluded the City's administrative procedure

regarding tax refunds was inapplicable because it had equity jurisdiction to decide a suit

for money had and received. We stayed this case for this question to be decided in

*Cost Management Services, Inc. v. City of Lakewood*, 178 Wn.2d 635, 310 P.3d 804

(2013), and now hold IGI was required to exhaust its administrative remedies before

filing suit. Accordingly, we reverse the court's summary judgment grant.

FACTS

Stipulated facts show IGI is a natural gas supplier selling gas to customers,

including Resers Fine Foods, a large processing plant located in an area known as

Pasco Gate. IGI sold natural gas to Resers from January 2008 through April 2009.

Effective May 1, 2009, the City annexed the Pasco Gate property. Pasco Municipal Code (PMC) 5.32.040(c) provides for a tax on natural gas sales "within the limits of the city of Pasco." Before Pasco Gate's annexation, IGI "erroneously reported and paid" utility tax to the City for natural gas delivered to Pasco Gate. Clerk's Papers (CP) at 86. From September 2010 to December 2010, IGI erroneously paid taxes for natural gas delivered to another Resers building in an area outside the City known as Burbank Heights Gate.

On February 1, 2011, IGI sued in equity for money had and received without first pursuing any municipal administrative remedies for the refund. Both parties requested summary judgment. The trial court granted IGI's request, finding the City's administrative guidelines and remedies did not apply because it had equity jurisdiction. The court awarded IGI "$128,384.33, plus pre and post judgment interest at the judgment rate." CP at 23. The City appealed after the court denied reconsideration.

ANALYSIS

The issue is whether the trial court erred in granting IGI's request for summary judgment based on IGI's equity claim for money had and received despite the City's administrative procedures for requesting a tax refund.

We review summary judgment orders de novo and determine whether the supporting materials, viewed in the light most favorable to the nonmoving party, demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); *Oltman v. Holland Am.*

2

*Line USA, Inc.*, 163 Wn.2d 236, 243, 178 P.3d 981 (2008). Similarly, the applicability of a city taxation ordinance is a legal question that is reviewed de novo on appeal. *Avanade, Inc. v. City of Seattle*, 151 Wn. App. 290, 297, 211 P.3d 476 (2009).

PMC 1.17.030 states, "Any person seeking correction, adjustment, refund or reimbursement for any payment of any utility bill, fee, tax, assessment or other consideration for a service provided by the City, shall, *prior to any judicial action,* present to the City Manager, or his designee, a written protest stating the basis upon which such correction, adjustment or refund is requested." (Emphasis added.) PMC 1.17.020 states all voluntary payment of taxes to the City "may be adjusted and corrected only within one year (365 days) of payment. The correction, adjustment, or refund of all or any portion of such payment is barred one year (365 days) following payment to the City."

After the City filed its opening brief, Division Two of this court decided *Cost Management Services, Inc. v. City of Lakewood*, 170 Wn. App. 260, 284 P.3d 785 (2012). There, the city of Lakewood appealed a superior court decision that Cost Management Services (CMS) was not obligated to pay a utility tax for business conducted outside of Lakewood. On appeal, Lakewood claimed the court lacked jurisdiction because CMS had failed to exhaust administrative remedies. CMS filed an equity claim for money had and received. "A claim for money had and received is an equitable claim." *Id.* at 274 (citing *Coast Trading Co., Inc. v. Parmac, Inc.*, 21 Wn. App. 896, 902, 587 P.2d 1071 (1978). Because CMS's case primarily involved an action in

3

equity, the court reasoned it had jurisdiction over matters in equity and held exhaustion of administrative remedies was not required. *Id.*

Our Supreme Court accepted review and reversed regarding the need to consider the exhaustion remedies. *Cost Mgmt. Servs., Inc.*, 178 Wn.2d at 652. The Court held, "A superior court's original jurisdiction over a claim does not relieve it of its responsibility to consider whether exhaustion should apply to the particular claim before the court." *Id.* at 648. The Supreme Court, however, affirmed Division Two's holding that CMS was not required to exhaust administrative remedies "because none were available." *Id.* at 652. There, CMS contacted the city first for a refund, but the city did not respond. The Court held, "the administrative process available to CMS could not have provided an adequate remedy." *Id.* at 645.

Here, like in *Cost Management Services, Inc.*, IGI's state action was for money had and received. This is an equitable claim. Under the Washington Constitution, article IV, section 6, as well as RCW 2.08.010, the superior court can take original jurisdiction over actions in equity. But, the court must consider whether exhaustion should apply to the particular claim. *Id.* at 645. Exhaustion furthers the purposes of:

> (1) discouraging the frequent and deliberate flouting of administrative processes; (2) protecting agency autonomy by allowing an agency the first opportunity to apply its expertise, exercise its discretion, and correct its errors; (3) aiding judicial review by promoting the development of facts during the administrative proceeding; and (4) promoting judicial economy by reducing duplication, and perhaps even obviating judicial involvement.

*King County v. Wash. State Boundary Review Bd.*, 122 Wn.2d 648, 669, 860 P.2d 1024 (1993).

Here, none of these purposes were served because IGI initiated judicial action before IGI made any administrative refund attempt with the City. PMC 1.17.030 mandates a written protest stating the basis for the refund request "prior to any judicial action." Unlike *Cost Management Services*, the City's administrative remedy process was fully available to IGI, but IGI did not pursue it. We note, not all of IGI's claims were brought within one year as required by PMC 1.17.020. "The one-year limit for the taxpayer to seek a refund of . . . taxes [does] not violate due process." *Nor-Pac Enter., Inc. v. Dep't of Licensing*, 129 Wn. App. 556, 570 n.18, 119 P.3d 889 (2005). Consequently, we must, in light of *Cost Management Services*, leave for a trial court decision any remaining liability and damages issues concerning exhaustion of remedies.

In sum, because the superior court's jurisdiction over IGI's equity claim did not vitiate the City's administrative exhaustion requirements, the trial court could not provide judicial relief. Under *Cost Management Services*, the trial court erred by granting IGI's request for summary judgment. Therefore, we do not reach the City's pre- and postjudgment interest concerns.

5

No. 30524-4-III
*IGI Resources, Inc. v. City of Pasco*

Reversed.

WE CONCUR:

Brown, J.

Korsmo, J.

Lawrence-Berrey, J.

6