IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| NEW CINGULAR WIRELESS PCS, LLC, a Delaware limited liability company, | ) ) ) ) | No. 71626-3-I |
| | ) | DIVISION ONE |
| Appellant, | ) ) | |
| v. | ) ) | |
| | ) | PUBLISHED OPINION |
| THE CITY OF CLYDE HILL, WASHINGTON, | ) ) | FILED: April 20, 2015 |
| | ) | |
| Respondent. | ) | |
| | ) | |

BECKER, J. — A complaint for declaratory judgment invokes the superior court's trial jurisdiction, while a petition for certiorari invokes the superior court's appellate jurisdiction. Either avenue is available as a means of contesting the legality of a municipal fine in superior court, so long as any administrative remedy is first exhausted.

In this appeal, the party contesting the legality of a municipal fine is appellant New Cingular Wireless PCS LLC. For years, New Cingular paid a utility tax to the City of Clyde Hill on wireless data services provided to Clyde Hill residents. New Cingular was eventually named as a defendant in a nation-wide class action lawsuit alleging that such taxes are preempted by federal law and wireless companies were improperly billing their customers for them. As part of a

settlement agreement, New Cingular agreed to seek recovery of the disputed

customer charges from the local taxing jurisdictions. Accordingly, New Cingular

filed a claim with Clyde Hill in November 2010, asking the city to refund

$22,053.38 in utility taxes.[1]

This appeal is not about whether Clyde Hill is obligated to refund the utility

tax payments. This appeal concerns a municipal fine of $293,121 that Clyde Hill

imposed on New Cingular on July 6, 2012. According to the notice of violation

issued by Clyde Hill, New Cingular violated the municipal code by making "false"

statements or misrepresentations in utility tax returns.[2] The notice of violation

asserted that the company's tax returns were false because they did not inform

the city that the tax payments were for services that should not have been taxed:

> By its own admission, New Cingular as far back as November,
> 2005, unilaterally decided to collect monies from its customers that
> it was not entitled to collect under federal law nor required to collect
> by any order or demand of the City. New Cingular included such
> monies in the amount of utility tax it reported was due the City
> without identifying to the City that the amount reported on its
> returns included monies billed its customers through September 7,
> 2010, for tax payments on services exempt from taxation under
> federal law. . . . New Cingular by its conduct seeks in bad faith to
> transfer the financial consequences of its illegal actions upon the
> City and other local jurisdictions unaware of New Cingular's illegal
> collections and reporting by seeking refunds of its tax payments,
> interest and attorney fees and costs from the City.

Notice of Violation (July 6, 2012). Clyde Hill notified New Cingular that it would

also be liable for the city's attorney fees and costs.

---

[1] The Clyde Hill Municipal Code allows a taxpayer to request a refund for overpayment. CHMC § 3.28.090A.
[2] See CHMC § 3.28.130B.

2

Clyde Hill's municipal code provides that a fine may be protested by an appeal to the mayor. CHMC 1.08.030. New Cingular filed a timely written protest, asserting that the fine could not be imposed absent evidence that the tax returns were intentionally misleading. The city administrator offered New Cingular the choice of an "informal hearing" or a decision based on its written protest alone. New Cingular requested an informal hearing.

In advance of the hearing, New Cingular received a letter from the city attorney for Clyde Hill offering to cancel the fine if New Cingular withdrew its refund claim. New Cingular did not accept this offer.

The hearing consisted of a five-minute telephone call between New Cingular's attorney and Clyde Hill Mayor George Martin. Mayor Martin issued a written "Final Decision" on January 22, 2013, denying and dismissing New Cingular's protest.

New Cingular filed this lawsuit in superior court on April 10, 2013, requesting a declaratory judgment that the fine was invalid. Clyde Hill answered and counterclaimed, seeking judgment on the fine plus interest and attorney fees. Clyde Hill then moved for summary judgment on the ground that New Cingular had 30 days to file a "judicial appeal" of the mayor's decision and had missed that deadline:

> New Cingular had 30 days in which to file a **judicial appeal of the Mayor's Final Decision** by application for a **statutory writ of review** pursuant to Ch. 7.17 RCW. New Cingular did not timely appeal. Thus, the Mayor's Final Decision is final and binding, and the superior court is without jurisdiction to entertain either (1) an untimely judicial appeal of the Mayor's Final Decision, or (2) an "original trial action" challenging the validity of the Notice of

3

Violation and attempting to collaterally attack the Mayor's Final
Decision affirming the Notice of Violation.

Clyde Hill thus took the position that New Cingular's only avenue of relief from

the fine was a statutory writ of review of the mayor's decision.

The superior court agreed that New Cingular "should have sought review

by petition for a writ of review." The court dismissed New Cingular's complaint

without ruling on New Cingular's motion, granted summary judgment to Clyde

Hill, and awarded Clyde Hill its attorney fees incurred in enforcing the fine. New

Cingular appeals.

Summary judgment is appropriate where there is no genuine issue of

material fact and the moving party is entitled to a judgment as a matter of law.

CR 56(c). When reviewing an order for summary judgment, an appellate court

engages in the same inquiry as the trial court. Denaxas v. Sandstone Court of

Bellevue, L.L.C., 148 Wn.2d 654, 662, 63 P.3d 125 (2003).

The state constitution vests superior courts in Washington with original

jurisdiction in cases involving the legality of a municipal fine.

> The superior court shall have original jurisdiction in all cases at law
> which involve the title or possession of real property, or the legality
> of any tax, impost, assessment, toll, or municipal fine.

WASH. CONST. art. IV, § 6; RCW 2.08.010. Article IV, section 6 "pertains to both

original trial jurisdiction and original appellate jurisdiction." James v. County of

Kitsap, 154 Wn.2d 574, 588, 115 P.3d 286 (2005).

New Cingular's objective in filing a complaint for declaratory judgment was

to invoke the superior court's original *trial* jurisdiction. Clyde Hill contends that

once the mayor reviewed the fine and produced a decision affirming it, the superior court was limited to its *appellate* or review jurisdiction.

Clyde Hill's code provides that the determination by the mayor "shall be final, binding, and conclusive unless a judicial appeal is appropriately filed with the King County superior court." CHMC 1.08.030. Below, Clyde Hill asserted this code provision as a basis for arguing that the only way New Cingular could get into superior court was by invoking the court's appellate jurisdiction. On appeal, Clyde Hill has correctly abandoned that argument. A municipality cannot limit the jurisdiction of the superior courts or prescribe the manner in which they operate. City of Spokane v. J-R Distributors, Inc., 90 Wn.2d 722, 727-29, 585 P.2d 784 (1978). Accordingly, the reference in the Clyde Hill code to the mayor's decision being "final" unless a "judicial appeal" is filed is not relevant to our analysis. Clyde Hill cannot use its municipal code to limit the superior court to its appellate jurisdiction.

The central issue, then, is whether the legislature has established any specific procedures by which a party must challenge the legality of a municipal fine. The constitutional power to hear a particular type of controversy "does not obviate procedural requirements established by the legislature." James, 154 Wn.2d at 588. It is well established that "where statutes prescribe procedures for the resolution of a particular type of dispute, state courts have required

substantial compliance or satisfaction of the spirit of the procedural requirements before they will exercise jurisdiction over the matter." James, 154 Wn.2d at 588.[3]

Clyde Hill tries to shoehorn the mayor's affirmance of the fine into the same mold as land use decisions and administrative agency decisions. But the delegated power of municipalities to make land use decisions is constrained in Title 35 RCW and Title 36 RCW by a network of procedural statutes designed to assure basic fairness. And the Land Use Petition Act, chapter 36.70C RCW, comprehensively regulates the procedures that must be followed to challenge a land use decision in superior court. James, 154 Wn.2d at 582-83. Administrative agencies are likewise statutory creatures. Their decisions typically reach the superior court through the Administrative Procedure Act, chapter 34.05 RCW. No statute articulates specific procedures for getting into superior court with a challenge to the legality of a municipal fine.

Clyde Hill offers the writ of review statute, RCW 7.16, as the source of procedural requirements that New Cingular was required to follow:

> A writ of review shall be granted by any court, except a municipal or district court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal,

---

[3] A superior court may have subject matter jurisdiction in a particular type of case, and yet still properly dismiss such a case on procedural grounds. See James, 154 Wn.2d at 588 (statutory procedural requirements do not abrogate judicial power vested in the courts by the constitution, but may control the circumstances under which a court will exercise its jurisdiction); Dougherty v. Dep't of Labor & Indus., 150 Wn.2d 310, 316, 76 P.3d 1183 (2003) (If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction). Any *procedural* defect in the means used to invoke the court's jurisdiction is not a jurisdictional error that can be raised for the first time on appeal under RAP 2.5(a)(1). There is no doubt that the superior court has subject matter jurisdiction in this case. The controversy is about procedure.

board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.

RCW 7.16.040.

The writ statute does provide a means of invoking the superior court's original *appellate* jurisdiction, and it explains the circumstances under which a writ of review should be granted. But it does not say that a writ of review is the exclusive means of resolving a dispute over the validity of a municipal fine; indeed, it makes no provision specific to fines. Thus, its procedural requirements do not circumscribe New Cingular's ability to invoke the superior court's original *trial* jurisdiction.

A superior court's original jurisdiction over a claim does not relieve it of its responsibility to consider whether the doctrine of exhaustion of administrative remedies should apply to the claim. Cost Mgmt. Srvs., Inc. v. City of Lakewood, 178 Wn.2d 635, 648, 310 P.3d 804 (2013). Here, as Clyde Hill concedes, New Cingular did exhaust its administrative remedies. New Cingular filed a written protest of the notice of violation and obtained a review by the mayor. Having exhausted its administrative remedies, New Cingular had a choice that is not available to a party who wishes to challenge a land use decision or an administrative agency decision and is subject to statutory procedural requirements in doing so. New Cingular could invoke the superior court's original jurisdiction over municipal fines *either* by filing for a writ of review under RCW 7.16.040 (appellate jurisdiction) *or* by filing a complaint (trial jurisdiction). See City of Tacoma v. Mary Kay, Inc., 117 Wn. App. 111, 115-16, 70 P.3d 144

7

(2003). New Cingular chose to invoke the superior court's original trial jurisdiction by filing a complaint.

Clyde Hill contends that allowing New Cingular to proceed by way of a complaint rather than by filing for a writ of review renders the hearing before the mayor a "superfluous" proceeding. We disagree. New Cingular's protest allowed the mayor an opportunity to correct any errors Clyde Hill may have made in imposing the fine. Providing an opportunity to correct error before resort to the courts is one of the purposes served by the doctrine of exhaustion of remedies. IGI Res., Inc. v. City of Pasco, 180 Wn. App. 638, 642, 325 P.3d 275 (2014).

Clyde Hill makes a fleeting suggestion that New Cingular was collaterally estopped from attacking the notice of violation once the mayor affirmed it and no appeal was taken, citing Shoemaker v. City of Bremerton, 109 Wn.2d 504, 745 P.2d 858 (1987). Shoemaker involved a police officer who, after dropping a civil service appeal filed under RCW 41.12.090, sued in federal court alleging his demotion was retaliatory. The court held that a finding made in the prior adjudication before the civil service commission, an administrative body, collaterally estopped the officer from relitigating the basis for his demotion in court. Clyde Hill does not brief how the elements of collateral estoppel are satisfied in this case. The appellant in Shoemaker was subject to a *statute* that prescribes an administrative procedure for challenging an adverse employment action. The statutory procedure permits a limited appeal to the superior court on the record developed before the civil service commission. RCW 41.12.090. As

8

discussed above, Clyde Hill does not identify an analogous statute setting up an administrative procedure for contesting a municipal fine.

Finally, Clyde Hill contends that New Cingular's right to obtain a writ of review under RCW 7.16.040 precludes the granting of a declaratory judgment. Clyde Hill relies on Reeder v. King County, 57 Wn.2d 563, 358 P.2d 810 (1961). Reeder held that a declaratory judgment action was not available to property owners involved in a rezone dispute with King County because "the writ of certiorari was available to them and would have afforded them all relief to which they may be entitled in this case." Reeder, 57 Wn.2d at 564. New Cingular's reply brief points out that the bar erected by Reeder is no longer absolute after the adoption in 1967 of CR 57,[4] as recognized by Ronken v. Board of Commissioners of Snohomish County, 89 Wn.2d 304, 310, 572 P.2d 1 (1977).[5]

Ronken does direct courts to be "circumspect" in granting declaratory relief if an alternative remedy is available. Ronken, 89 Wn.2d at 310. Declaratory relief is often held to be unavailable when it is sought as a means of avoiding the strict statutory procedural rules and short time limits that typically apply to land use decisions and administrative agency decisions. See, e.g., Evergreen Wash. Healthcare Frontier LLC v. Dep't of Soc. & Health Servs., 171 Wn. App. 431, 452, 287 P.3d 40 (2012) (a declaratory judgment is not available if

---

[4] CR 57 states in part, "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

[5] Clyde Hill has filed a motion to strike the portion of New Cingular's reply brief that argues Ronken in opposition to Reeder. Clyde Hill contends that if New Cingular wanted to rely on Ronken, the case should have been cited in the opening brief of appellant. We deny the motion. Explaining why a respondent's argument is incorrect is a proper subject for a reply brief.

courts can review the challenged agency action under the Administrative Procedure Act), review denied, 176 Wn.2d 1028 (2013); Grandmaster Sheng-Yen Lu v. King County, 110 Wn. App. 92, 106, 38 P.3d 1040 (2002) (because the Land Use Procedure Act provides an adequate alternative means of review, declaratory relief is not proper). But Clyde Hill has identified no statute establishing strict procedural rules and short time limits in connection with a mayor's decision that his city has issued a valid fine. Under these circumstances, we conclude the superior court is free to exercise its trial jurisdiction by hearing New Cingular's complaint for a declaratory judgment.

Clyde Hill contends the dismissal of New Cingular's declaratory judgment action can be affirmed on the alternative ground of untimeliness. A declaratory judgment action must be brought within a reasonable time, determined by analogy to the limitation period for a similar suit. Schreiner Farms, Inc. v. Am. Tower, Inc., 173 Wn. App. 154, 163, 293 P.3d 407 (2013). New Cingular filed its complaint more than two months after the mayor's decision. Clyde Hill argues that the proper analogy is to the 30-day deadline typical of appeals. New Cingular replies that the most analogous time limit is the three-year limitations period applicable to tax or municipal fee refunds. RCW 4.16.080(3); Carrillo v. City of Ocean Shores, 122 Wn. App. 592, 610, 94 P.3d 961 (2004).[6]

---

[6] Clyde Hill has moved to strike this portion of New Cingular's brief, along with the Reeder/Ronken discussion, on the basis that it is a new argument improperly raised in the reply brief. We deny the motion. The issue of untimeliness as an alternative ground for affirmance was raised in Clyde Hill's brief of respondent, and New Cingular is entitled to reply to it.

The trial court dismissed New Cingular's complaint solely on the ground that relief should have been sought by means of a petition for a writ of certiorari. The court did not reach the question of what time limit applies to a declaratory judgment action contesting the legality of a municipal fine. We leave that issue to the trial court on remand, holding only that it is inappropriate to apply a 30-day time limit by analogy to an appellate proceeding. The order of dismissal will not be affirmed on that alternative ground.

To summarize, New Cingular's complaint for declaratory judgment properly invoked the superior court's original trial jurisdiction to adjudicate this dispute involving the legality of a municipal fine. In hearing New Cingular's complaint for declaratory judgment, the superior court is to consider the legality of the fine de novo and will not be limited to the facts and arguments in the record developed in the hearing before the mayor.

Judgment for Clyde Hill is reversed, and the case is remanded for further proceedings, including consideration of New Cingular's motion for summary judgment. The award of attorney fees to Clyde Hill is also reversed.

Becker, J.

WE CONCUR:

Trickey, J.

Dwyer, J.

11