COURT OF APPEALS DIV I
STATE OF WASHINGTON

2015 JUL 27 AM 9: 08

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RED LETTER MINISTRIES, an unincorporated religious association, | No. 71867-3-I |
| Appellant/ Cross-Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| CITY OF NORTH BEND, an incorporated Washington municipality, | FILED: July 27, 2015 |
| Respondent/ Cross-Appellant, | |
| and | |
| KENNETH G. HEARING, Mayor of North Bend, | |
| Defendant. | |

BECKER, J. — Red Letter Ministries' action to enforce an alleged oral agreement with the City of North Bend was not filed by the real party in interest as required by CR 17. We therefore affirm the superior court's dismissal of the action on summary judgment. We also affirm the court's denial of the City's request for attorney fees incurred in dissolving a preliminary injunction. But because the court entered judgment on the City's counterclaims against a person

who was neither named as a party nor served, we vacate that portion of the judgment.

In 2003, Salli DeBoer registered a nonprofit charitable corporation called Network Services of Puget Sound. She changed the organization's name to Red Letter Programs and Housing in 2010 after entering into the oral agreement that is the subject of this appeal.

In 2008, the Washington State Attorney General filed a complaint against Network Services of Puget Sound and DeBoer for violations of the Consumer Protection Act, chapter 19.86 RCW, and the charitable solicitations act, chapter 19.09 RCW. The lawsuit resulted in a consent decree enjoining Network Services of Puget Sound, DeBoer, and their successors, assigns, officers, and agents from soliciting charitable donations without being registered as a charitable organization and from misrepresenting the use of any collected donations.

In June 2010, the mayor of the City of North Bend allegedly offered DeBoer and Network Services of Puget Sound a house for use as a homeless shelter in exchange for one dollar. The mayor also offered a one dollar per year ground lease on a city parcel. The parties dispute whether the terms of the agreement included a condition that Network Services of Puget Sound move the house to the parcel at its own expense within three weeks, subsequent approval of a written contract by the North Bend City Council, or certain conditions relating to the use and condition of the house.

Network Services of Puget Sound subsequently moved the house, allegedly spending over $14,000. Shortly thereafter, Network Services of Puget Sound attempted to memorialize the alleged oral agreement. According to the City, the city council authorized the mayor to sign written contracts, including a provision requiring Network Services of Puget Sound to use the house only for its family services program. Network Services of Puget Sound declined to sign and instead proposed to use a portion of the house and ground lease for administrative purposes associated with the family services program. It also allegedly deleted a term prohibiting use of the house for "other business purposes." Appellant Red Letter Ministries, on the other hand, claims it was the City that attempted to insert new terms into the original agreement.

Appellant Red Letter Ministries came into being on January 1, 2012, when DeBoer opened an account with the Department of Revenue for an "association" with that name. DeBoer did not register Red Letter Ministries to solicit charitable contributions.

On January 12, 2012, DeBoer dissolved Red Letter Programs and Housing (formerly Network Services of Puget Sound). Nothing in the dissolution filings purported to transfer any assets to Red Letter Ministries.

In February 2012, the city council rejected the proposed contracts memorializing the oral agreement and voted to demolish the house.

Six months later, Red Letter Ministries (hereafter "Red Letter") filed a "Complaint for Temporary Restraining Order, Preliminary Injunction, and Specific

Performance" against the City and its mayor. The complaint alleged that the City had executed an oral contract with Red Letter for the above-mentioned house and ground lease, and that Red Letter partly performed by moving the house at a cost of over $14,000. Red Letter asserted claims for promissory estoppel and breach of contract. It requested all "applicable remedies including, but not limited to, injunctive relief" and specific performance, attorney fees, and such "other and further relief as the Court may deem just and appropriate."

In a supporting declaration, Salli DeBoer alleged that she was the president of Red Letter, that Red Letter was formerly known as Network Services of Puget Sound "but changed its name on January 1, 2012." This was legally incorrect. Network Services of Puget Sound had previously changed its name to Red Letter Programs and Housing. On January 1, 2012, Red Letter Programs and Housing dissolved; it did not change its name to Red Letter Ministries. Rather, DeBoer created Red Letter Ministries on January 12, 2012. Red Letter Ministries has no legal connection to Network Services of Puget Sound or to Red Letter Programs and Housing.

The City answered the complaint and asserted several defenses, including the absence of a valid contract, the statute of frauds, and ultra vires actions by the mayor. The City counterclaimed for promissory estoppel, negligent misrepresentation, breach of contract and nuisance abatement. The counterclaims alleged in part that the house had not been made ready for occupancy within a reasonable period of time and was in violation of numerous

provisions of the city code and state law. The City conceded that it had approved versions of a purchase and sale agreement and ground lease in September, 2010, but alleged that Red Letter responded with a "materially different counteroffer, which would have allowed Red Letter to use the house as office space." The City alleged it rejected the counteroffer and advised Red Letter that it must sign the contracts or the City would demolish the house.

In August 2012, the City moved to dismiss the complaint under CR 12(b)(6). The City argued in part that the acts of the mayor were ultra vires and that any oral contract violated the statute of frauds. The court denied the motion.

On September 4, 2012, the superior court granted Red Letter a preliminary injunction, stating in part:

> plaintiff has demonstrated a clear legal and equitable right, and the likelihood of prevailing, on at least a portion of its claim. The North Bend municipal code authorizes the mayor, without further action by the city council, to enter in to contracts under $7500 for "materials, equipment, supplies and services". The oral contract here (which was clearly supported by consideration, part performance and reliance in the form of almost $14,000 in moving costs, and which is not subject to the Statute of Frauds for multiple reasons) consisted of 3 parts: (1) the sale of a house; (2) moving the house; and (3) annual $1 lease for 5 years. While it is difficult to characterize a lease as a contract for "services", the mayor was clearly authorized to sell the house to plaintiff and to have plaintiff move it: as such, not all of the mayor's actions and promises can fairly be characterized as *ultra vires*. While the amount of damages, the interplay between those actions which the mayor was authorized to undertake and those which were *ultra vires* and the enforceability and terms of the alleged lease promises are not clear, plaintiff has established a likelihood of prevailing on at least some of its claims and has established the likelihood of some money damages against North Bend at trial.

In July 2013, the City filed the first of two motions for summary judgment. The City argued, among other things, that the oral agreement violated the statute of frauds and was ultra vires. The court granted the motion in part, dismissing Red Letter's claims for enforcement of the written contracts and promissory estoppel. The court denied summary judgment on the alleged oral agreement, stating in part:

> genuine issues of material fact exist over apparent authority, part performance and consideration in plaintiff's effort to enforce the verbal agreement between the Mayor and Ms. DeBoer. Even if the Court does not view the evidence in the light most favorable to the non-moving party (as it is required to do here), the Court cannot fairly characterize plaintiff's proposed additional lease language as a repudiation or true counter-proposal of the oral agreement. Although North Bend officials had internal concerns that the building would be used solely for Red Letter's administrative offices, there is no evidence in the record that Red Letter ever intended to use the building for that purpose alone and plaintiff's additional proposed language was not inconsistent with the oral promises between the Mayor and Ms. DeBoer. Nowhere in that oral promise did the Mayor or Ms. DeBoer prohibit part use of the property for administrative purposes, and the promise can be construed much more broadly than housing alone for homeless families.

In February 2014, the City filed a second motion for summary judgment, this time arguing that Red Letter was not the real party in interest because it did not exist at the time of the alleged oral agreement and was not a successor to Network Services and Red Letter Programs and Housing.

Red Letter immediately moved to substitute or join Red Letter Programs and Housing. The motion alleged that the oral contract was between the mayor and Network Services of Puget Sound and that Red Letter Programs and

Housing was the successor to Network Services of Puget Sound. In an attached declaration, DeBoer alleged that although Red Letter Programs and Housing dissolved on January 12, 2012, its assets were transferred to Red letter, that Red Letter "assumed" this transfer included the rights under the oral contract with the City, and that the failure to name Red Letter Programs and Housing as a plaintiff in this action "was the result of an honest mistake." The City countered that Red Letter Programs and Housing could not be joined because it no longer existed, that it was statutorily time barred from participating in postdissolution legal proceedings in any event, and that nothing supported Red Letter's assumption that the rights under the oral agreement had been transferred to it from Red Letter Programs and Housing.

The court requested and received supplemental briefing on the ability of Red Letter Programs and Housing to transfer assets after its dissolution. The City argued that Red Letter Programs and Housing was required by statute to transfer any assets *prior* to its dissolution, that it had failed to do so, and that no authority existed to transfer its assets postdissolution. Red Letter conceded that Red Letter Programs and Housing did not transfer its assets prior to dissolution but blamed that omission on the dissolution form provided by the Secretary of State. Red Letter argued that it could not "be faulted for not addressing that issue" when the Secretary of State's form itself failed to address it. Red Letter also argued that no statute expressly prohibited a postdissolution asset transfer.

On April 3, 2014, the court entered orders denying Red Letter's motion to join Red Letter Programs and Housing and granting the City's second motion for summary judgment. The court dissolved Red Letter's preliminary injunction, dismissed all of Red Letter's claims with prejudice, and entered judgment "against Salli DeBoer individually and Red Letter Ministries on the City's counterclaims for breach of contract and misrepresentation." Red Letter appeals the order on summary judgment.

On April 10, 2014, the City requested $114,282 in attorney fees it allegedly incurred in dissolving the preliminary injunction. Red Letter opposed the request, arguing that fees could not be awarded "where a trial on the merits to obtain specific performance would have been fruitless" if Red Letter had not obtained the preliminary injunction. Red Letter reasoned that a trial would have been fruitless absent an injunction because Red Letter sought specific performance and did not "seek or allege monetary damages against the City."

On April 16, 2014, the court denied the City's request for fees and costs. The City cross appeals from that order and from the superior court's August 2013 order denying the City's first motion for summary judgment.

DECISION

Preliminarily, the City contends Red Letter's appeal is moot because Red Letter only sought specific performance below, did not file a supersedeas bond, and can no longer obtain specific performance because the City has demolished the house. Red Letter claims the appeal is not moot because its complaint

8

included language supporting other relief, including damages. Specifically, it points to its request for "all applicable remedies including, but not limited to, injunctive relief" and "such other and further relief as the Court may deem just and appropriate." There is authority supporting Red Letter's position. See Hos Bros. Bulldozing, Inc. v. Hugh S. Ferguson Co., 8 Wn. App. 769, 773, 508 P.2d 1377 (1973); Zastrow v. W.G. Platts, Inc., 57 Wn.2d 347, 350, 357 P.2d 162, 360 P.2d 354 (1960). We note, however, that Red Letter took a different position below.

When the City requested attorney fees for dissolving the injunction, Red Letter opposed the motion on the ground that an injunction was necessary because Red Letter requested specific performance but did *not* "seek or allege monetary damages against the City." Arguably, Red Letter's position below estops it from taking a different position in this court. See Anfinson v. FedEx Ground Package Sys., Inc., 159 Wn. App. 35, 61, 244 P.3d 32 (2010) (judicial estoppel is an equitable doctrine that precludes a party from asserting one position in court proceedings and later seeking an advantage by taking a clearly inconsistent position), affirmed, 174 Wn.2d 851, 281 P.3d 289 (2012). The City, however, has not made that argument. In addition, Red Letter seeks other relief on appeal in the form of reversal of the judgment against Salli DeBoer. Accordingly, the appeal is not moot.

9

Summary Judgment

Red Letter contends the superior court erred in dismissing its claims against the City on summary judgment. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c). When reviewing an order for summary judgment, we engage in the same inquiry as the trial court. New Cingular Wireless PCS, LLC v. City of Clyde Hill, ___ Wn. App. ___, 349 P.3d 53 (2015).

Red Letter argues that summary judgment was improper because there were genuine issues of fact as to the validity of the oral contract and the application of the statute of frauds. The City counters, as it did below, that even if an enforceable oral contract existed, Red Letter could not enforce it because Red Letter was not the real party in interest. We agree with the City.

Under CR 17(a), every action "shall be prosecuted in the name of the real party in interest." Our courts have held that the real party in interest "is the person who possesses the right sought to be enforced." Sprague v. Sysco Corp., 97 Wn. App. 169, 176 n.2, 982 P.2d 1202 (1999), review denied, 140 Wn.2d 1004 (2000). The City correctly points out that Red Letter was neither a party to the contract, a third party beneficiary, nor a legal successor to one of the contracting parties' rights. It concludes that Red Letter was not the real party in interest. Authority supports that conclusion. Kim v. Moffett, 156 Wn. App. 689, 698-701, 234 P.3d 279 (2010) (original owner, as party to agreement, could sue

for breach of it, but successor owner who was not an intended beneficiary of the agreement and did not exist when it was formed could not).

Despite the City's thorough briefing on this issue both below and on appeal, and despite the superior court's focus on the issue immediately prior to granting summary judgment, Red Letter devotes just three conclusory sentences to the topic in its reply brief:

> The facts alleged by the non-moving party . . . is that DeBoer accepted the [City's] offer on behalf of RLM. This inference is reasonable, because the lawsuit was brought by RLM in RLM's name, and all counterclaims were leveled at RLM. RLM is therefore the real party in interest for purposes of summary judgment.

This conclusory response is not supported by authority or meaningful analysis and is thus insufficient to carry Red Letter's burden on appeal. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority or analysis need not be considered); State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (appellate court need not consider claims that are insufficiently argued), cert. denied, 498 U.S. 838 (1990); State v. Rafay, 168 Wn. App. 734, 843, 285 P.3d 83 (2012) (rejecting claim due to absence of meaningful argument or authority to support conclusory claim), review denied, 176 Wn.2d 1023 (2013), cert. denied, 134 S. Ct. 170 (2013).

Red Letter's response also misrepresents the record. DeBoer did not accept the City's offer on behalf of Red Letter Ministries. Rather, she stated in her declaration below that she entered into the agreement on behalf of *Network*

11

*Services of Puget Sound.* The minutes of the July 20, 2010, North Bend City Council meeting and draft contracts from September 2010 all repeatedly refer to a proposed agreement between the City and Network Services of Puget Sound, not Red Letter. This is not surprising since Red Letter did not even exist until many months after the alleged oral agreement.

Red Letter's response on appeal is also notable for what it does not assert. Specifically, it does not assert that Red Letter is a legal successor to Network Services of Puget Sound and Red Letter Programs and Housing or that it is a recipient of their transferred assets. With regard to the latter, we note that DeBoer's bald allegation below that the assets of Red Letter Programs and Housing were transferred to Red Letter was too conclusory to preclude summary judgment. See Grimwood v. Univ. of Puget Sound, Inc., 110 Wn.2d 355, 359-60, 753 P.2d 517 (1988) (unsupported conclusory assertions are insufficient to defeat summary judgment); Greenhalgh v. Dep't of Corr., 160 Wn. App. 706, 714, 248 P.3d 150 (2011) ("Mere allegations, argumentative assertions, conclusory statements, and speculation do not raise issues of material fact that preclude a grant of summary judgment.").

Finally, the mere fact that the lawsuit and counterclaims name Red Letter does not support a conclusion that Red Letter is the real party in interest.

In short, Red Letter's arguments on the real party in interest issue are insufficient and unpersuasive. Summary judgment was proper.

Our resolution of this issue makes it unnecessary to reach the City's cross appeal from the order partially denying its first motion for summary judgment. We note, however, that contrary to Red Letter's assertions, the City's appeal from that order is timely and that Red Letter's failure to respond to the merits of several of the City's arguments, including its argument that the agreement was ultra vires, provides an additional basis to affirm the order granting summary judgment.

Judgment Against Nonparty

Red Letter next contends the superior court erred in entering judgment against Salli DeBoer for the City's counterclaims. Because DeBoer was never named as a party or served, Red Letter concludes the court never obtained jurisdiction over her and therefore erred in entering judgment against her. The City responds that it "is entitled to collect judgment against DeBoer individually because RLM is her sole proprietorship." We vacate the judgment against DeBoer.

We note initially that while the court entered judgment "against Salli DeBoer individually and Red Letter Ministries on the City's counterclaims for breach of contract and misrepresentation," it appears the City did not seek, and the court did not award, any damages on the counterclaims. Nevertheless, the judgment against Salli DeBoer individually must be vacated. Proper service of a

summons and complaint is required to acquire personal jurisdiction over a party. Allstate Ins. Co. v. Khani, 75 Wn. App. 317, 324, 877 P.2d 724 (1994). If a court lacks personal jurisdiction over a party, a judgment entered by the court against that party is void. Marley v. Dep't of Labor & Indus., 125 Wn.2d 533, 541, 886 P.2d 189 (1994). Here, it is undisputed that the City not only did not serve DeBoer, but it failed to name or request judgment against her in its counterclaims. The City cites no authority supporting its assertion that naming and serving Red Letter was sufficient because Red Letter is an unincorporated religious association and as such is nothing more than a sole proprietorship. The law, in fact, appears to be to the contrary. Dolby v. Worthy, 141 Wn. App. 813, 816-17, 173 P.3d 946 (2007) (stating that "to sue a sole proprietorship, one must sue the individuals comprising the business" and serve them personally at their usual place of abode), review denied, 164 Wn.2d 1004 (2008). The City also fails to demonstrate any valid basis for applying equitable estoppel to Red Letter's claim that the judgment against DeBoer is void. We vacate the judgment against her.

Cross Appeal/Attorney Fees

The City appeals the court's denial of its request for $114,282 in attorney fees and costs incurred in dissolving the preliminary injunction. Under Ino Ino, Inc. v. City of Bellevue, 132 Wn.2d 103, 143, 937 P.2d 154, 943 P.2d 1358

14

(1997), cert. denied, 522 U.S. 1077 (1998), a court has discretion to award attorney fees to a party that prevails in dissolving a wrongfully issued temporary injunction. The purpose of this rule is to discourage parties from seeking unnecessary injunctive relief prior to a trial on the merits. Cornell Pump Co. v. City of Bellingham, 123 Wn. App. 226, 233, 98 P.3d 84 (2004). That purpose is not served where injunctive relief is necessary to preserve the status quo pending trial. Cornell, 123 Wn. App. at 233. A trial court abuses its discretion only if its decision is manifestly unreasonable or based on untenable grounds. Holbrook v. Weyerhaeuser Co., 118 Wn.2d 306, 315, 822 P.2d 271 (1992).

The City contends fees should have been awarded "given DeBoer's knowingly deceptive and manipulative machinations," including "misleading the Court about use of the house for an administrative office" and orchestrating a "shell game of name changes to her various entities." Even assuming these statements fairly characterize DeBoer's conduct, they do not demonstrate that temporary injunctive relief was unnecessary to preserve the status quo or that the court's decision was manifestly unreasonable.

Red Letter requests fees on appeal but fails to devote a section of its brief to this request and fails to cite authority entitling it to fees. The request is therefore denied. RAP 18.1; Wilson Court Ltd. P'ship v. Tony Maroni's, Inc., 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998).

No. 71867-3-I/16

The orders granting summary judgment and denying attorney fees are affirmed. The judgment against Salli DeBoer is vacated.

Becker, J.

WE CONCUR:

16